NAPOLEON PERRY *v.* PARK STREET MOTOR CORPORATION.

Oxford.　　Opinion October 10, 1928.

366

*Albert Beliveau,* for plaintiff.
*Clifford & Clifford,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, PATTANGALL, JJ.

PHILBROOK, J.   On defendant's motion to set aside a jury verdict.  No exceptions.

On November 17, 1923, the plaintiff signed a written order for a motor vehicle known as a Studebaker special six model roadster 1924, to be delivered on or about April 10, 1924, which delivery the plaintiff agreed to accept at the defendant's place of business. According to the testimony of the president and treasurer of the defendant corporation, it had a place of business at Lewiston and one at Rumford, the latter town being the plaintiff's residence. The plaintiff admits that the order was fully read to him before he signed it.

The plaintiff owned a five passenger coupe and wanted to ex-

change it for a two passenger open car. In the trade plaintiff was allowed $1,050.00 for the coupe which he turned in, but there were notes given by him in part payment for that car amounting to $648.00, which defendant agreed to pay, so that the net allowance in part payment for the new car was $402.00.

The order which plaintiff signed stated that his post office address was 405 Waldo Street, Rumford, Maine. Without objection defendant offered a copy of a letter which its general manager said he dictated, signed and mailed to the plaintiff, addressed to him at 405 Waldo Street, Rumford, Maine, bearing date of April 14, 1924, and stating that the automobile ordered on November 17, 1923, to be delivered on or about April 10, 1924, was ready for delivery.

The plaintiff claims that he never received the original letter, of which the exhibit was a copy. One provision in the order reads thus: "If the balance of the full purchase price is not settled by me within fifteen days after notice that said motor car is ready for delivery, you may cancel this order and retain all payments made by me as liquidated damages." It is admitted that the balance was not paid and this suit is brought to recover in cash the net allowance of $402.00 with interest from April 10, 1924, to the date of the writ.

The plaintiff not only denies receipt of the letter dated April 14, 1924, but claims that "notice" from defendant to him was necessary, and that where notice is required to be given, and the method of giving that notice is not specified, the mere mailing of such a notice is not sufficient unless it can be proven that such notice was received by the party for whom it was intended. In support of this doctrine he cites *Curtis* v. *Nash*, 88 Maine, 426, and *Goodwin* v. *Hodgkins*, 107 Maine, 170. The former citation was evidently a clerical error, as that case in no way deals with the subject of notice, but the case appearing in volume eighty-eight of the Maine Reports next preceding the Curtis Case, viz., *Chase* v. *Surry*, 88 Maine, 468, discusses notice. The notice there referred to is one which is a condition precedent to the plaintiff's right to recover in a statutory action for injuries received on account of a defective highway. The court there states that the duty imposed by statute upon the party injured is to "notify" one of the municipal officers

of the town, and this duty is imperative if he seeks to recover of such town. It is not directory but mandatory. To "notify" is to "make known." The statute requires that the municipal officers should have information, or knowledge, within the time stated. It requires the party injured to communicate that information, or knowledge; and it is not enough for him to write a notice, however formal; it is not enough to mail it, even within the fourteen days. The writing and mailing of a notice within the time is not notifying the officers of the town as the statute requires.

*Goodwin* v. *Hodgkins*, supra, discusses the question of actual notice to a delinquent that fence viewers have directed him to re-build his portion of a partition fence, before action can be maintained against him, and since the action is under a penal statute it is incumbent upon the plaintiff to prove that all the requirements of the statute have been complied with. These cases upon which the plaintiff relies are unrelated, and have no application to the case at bar. The provision for notice in the order signed by plaintiff does not require that the same should even be a written one, but the defendant shows a copy of the letter, above referred to, which was mailed to the plaintiff, and the deposit of a letter, properly addressed and stamped, in the post office, may be prima facie evidence of its receipt by the addressee by due course of mail, for the law assumes that government officers do their duty. *Chase* v. *Surry*, supra. The plaintiff claims that he went to work in the woods about the time that the above letter was written and mailed to him, addressed to 405 Waldo Street, Rumford, but admits that the family living there was very friendly with him, and that he received mail which they forwarded to him after he went into the woods.

At all events this plaintiff, depending upon the labor of his hands for support, claiming that the defendant actually owed him $402.00, made no demand for payment of that sum until June, 1927, which was more than three years after he could have received his due allowance by complying with the order which he signed. The present claim is somewhat stale. The plaintiff says that the whole case hinged on whether or not the defendant had given notice to the plaintiff that the car was ready for delivery as per the terms of the contract. This, as the plaintiff understands

the case, was the only issue presented to the jury and by them decided in favor of the plaintiff; that this was a question of fact and the decision final. The charge of the presiding justice, showing the issues presented to the jury, is not before us, but it is quite plain that there were other issues which should then and now be considered.

Assuming that the jury correctly found that the defendant gave no notice to the plaintiff, yet there is another provision of the contract which is of vital importance in the case and is as follows: "If said motor car is not ready for delivery as specified, the cash deposit shall be returned to me on demand together with used car deposited in part payment, if any, or proceeds thereof, if sold, less cost of repairing said used car and 15% of sale price for handling."

In the case at bar there was no cash deposit but there was a used car deposited in part payment. If, therefore, the plaintiff did not have notice that the car was ready for delivery, yet under his contract his remedy, if any he has, would not be assumpsit to recover the allowance in cash but to demand his car, or the proceeds, if sold, less cost of repairing the used car and 15% of the sale price for handling and failing to obtain either to bring an appropriate action to recover any sum claimed by him.

The declaration in the present case is not based on a claim for proceeds nor is there any evidence in the record that there was any sale of the used car and a consequent right to recovery of proceeds under the omnibus count.

The mandate must therefore be

*Motion for new trial granted.*